# PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CA 08 185

## UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND

David Almeida #61641 Prisoner NO: 61641
Rhode Island Dept. of Corrections

David Almeida Pro-Se V. Ashbell T. Wall
Petitioner Pro-SE Director, Dept of Corrections

The Attorney General of the State of R.I.

## Petition

Petitioner comes before this court seeking a judicial review of a decision by a Rhode Island Dept. of Corrections hearing officer - a LT. Jankowski, whom on March 18, 2008; found petitioner guilty of a major misconduct infraction a Highest - now preditory, class #1, NO. #149 Threatening

continued NEXT Page →

an Employee - Warden Boyd - with Bodily Harm.

Petitioner has exhausted his administrative remedies. Petitioner filed an appeal to Deputy Warden Auger on March 18, 2008; which was denide on March 21, 2008. (SEE Exhibit 3A)

There are no available state remedies, or corrective processes, The Rhode Island Supreme Court has ruled - in past cases - that due process does not apply to disciplinary proceedings and therefore no constitutional rights exist to judicial review of same.

Petitioner now claims that his due process and substantive rights and protections afforded him under the 14th. Amend. of the U.S. Constitution, as well as U.S. Supreme Court legal precedents have been Violated.

Petitioner has been deprived of his liberty without due process of law and has also suffered atypical and significant hardship by the lengthening of

his sentence due to the loss of good time credits. and being convicted of a misconduct without any supporting evidence.

The Following grounds were argued at the disciplinary board as well as on appeal to Deputy Warden Auger.

Ground One: Charge with an inappropriate infraction — a class #1 Highest — than I should have been according to severity level of prohibited act. A class #3; moderate. (Exhibit 1A, 2A and 3A)

The booking infraction Code #149 - Threatening Employee with Bodily Harm. a highest Non-predatory Class #1 infraction should never have been filed against me.

(1a) Charge should have been either dismissed or reduced as I had requested the hearing officer LT. Jankowski to do.

(1b) The misconduct report narrative is indicative of punishable conduct that is contained within the moderate

class #3 Disobedience infraction No. 337- "Swearing, cursing, vulgar, abusive, insolent or any other improper language towards staff. This charge carries a penalty of 6-15 days loss of all priviledges - not the 30 days loss of good time and 30 days of punitive segregation that infraction #149 Threatening an Employee with Bodily Harm carries. Which is what I received.

(1c) My alledged statement, as was reported by charging staff & counselor Skirz, was- he wanted to go to Maximum Security and if he had to stay in this building Warden Boyd was going to keep hearing from him. He stated "Warden Boyd Can go Fuck himself." "He can shove his fist up his ass." (SEE Exhibit 1A)

(1d) Even if statement alledged was true, it does not support a charge of a threat of bodily harm.

Ground TWO: Right to assistance of substitute counsel.

(2a) Where Petitioner was confined to segregation I was unable to access

legal information or witnesses.

(2b) My counselor should have been acting on my behalf — the (12) days I was awaiting for my hearing to start — to obtain statements from witnesses Bert Lachmann and C/O Martineau.

(2c) Although two continuance were granted for purposes of contacting witnesses, Bert Lachmann never appeared nor was a statement obtained from him.

Ground Three: Right to Call Witnesses.

(3a) None of my requests were successful at producing Burt Lachmann - Classification Board Chairman - as a witness.

(3b) No explanation was given to explain why Mr. Lachmann had not appeared or given a written statement.

Ground Four: Sufficiency of Evidence.

(4a) Counselor Skwirz's allegation against me was never substantiated

by C/O Martineau's direct testimony before the board

(4b) C/O Martineau had testified that my statement was made to describe what I had stated <u>in a previous booking</u>.

(4c) C/O Martineau also testified to the fact that he never heard me state "He can stick his fist up his ass"

(4d) He also testified that he never heard me threaten Warden Boyd.

(4E) and he was present throughout the entire time at the classification hearing where this incident supposedly took place.

Ground Five: Impartiality of Hearing Officer.

(5a) LT. Jankowski has purposely and arbitrarily refused to consider exculpatory evidence – C/O Martineau's testimony

(5b) LT. Jankowski has obstructed justice and violated my due process rights by making false and misleading statements in the Witness's Statement contained in booking report. (SEE Exhib. 2A)

(5c) He falsely reported what my witness C/O Martineau had testified to before the D-Board.

Lt. Jankowski claims that C/O Martineau stated: "Inmate repeated to chairman Lochmann what was stated on the booking report." I did not hear him make threatening statements. (Exhib. #2A)

(5d) This is not even close to what C/O Martineau had stated in his testimony. Questions were posed by me through my counsel substitute Mrs. Kettelle. Mrs. Kettelle also asked questions of her own.

① Was the statements made by Almeida directed towards the warden at that time? Answer NO.

② Did Almeida ever threaten the Warden?

Answer. NO.

(5E) At the start of the hearing, after Jankowski refused to reduce or dismis the Class #1 charge infraction I had requested that he step down due to bias. He refused.

Ground Six: Written Disposition and statements of Findings are baseless distortions of the truth. And are questionable as to its honesty and merit. Petitioner never admitted to what booking accused him of saying.

(6a) No matter how one looks at the evidence presented in this case only one point is clear in all of it.

There is "NO Evidence" to support a guilty finding for the infraction of "Making Threats of Bodily Harm".

Relief

Petitioner requests that the misconduct confiction must be reversed and expunged from petitioners record, and all earned

good time revoked as a result of conviction must be restored - 36 days.

I declare under penalty of perjury that the forgoing is true and correct and that Petition for Writ of Habeas Corpus was placed in the mail on May 6, 2008.

May 6, 2008
Executed on.

[signature]
David Almeida
Petitioner Pro-Se
P.O. Box 8273
Cranston, RI 02920

# Facts Sheet
## Boyd # 2

Booking NO: 0000 39306.

Booked ON: March 6, 2008.

Hearing ON: March 18, 2008.

Hearing Officer: LT. JanKowski.

Appeal Denide: March 21, 2008.

Hearing Tapes: One on 3-14-08.
Two on 3-18-08.

SENTENCE : 30 days Segregation.
30 days Loss of good Time.
+ 6 days Loss For Month of March
36 days Loss Total

Booking InFraction: Highest, non preditory, Class #1, NO: #149 Threatening an Employew with Bodily Harm.

• • • •

Boyd #2

U.S. States District Court
District OF
Rhode Island

David ALmeida #61641
Petitioner Pro-se
V.
Ashbell T. Wall
Director R.I. Department
OF Corrections

Memorandum
in Support
of §2254
Motion

## Introduction

Comes now the petitioner, David Almeida, pro-se pursuant to 28 U.S.C. §2254, of his motion to expunge a misconduct conviction from his prison records and to restore all revoked good time credits (36 days); due to violation of his procedural and substantive due process rights for alledged violation of R.I. D.O.C. Code of inmate discipline # 149 Threatening a Staff member with Bodily harm.

## Background

On March 6, 2008; I appeared before

a classification down grade board for the purpose of review of classification status.

Mr. Lachmann, the chair men of the board had asked me to explain to him what had transpired in my bookings to get me there. While explaining I had referred to a previous statement, "Tell Boyd to go and fuck himself", "He'll get his". I went on to explain how I felt I was set up by Boyd when he booked me based on a statement contained within a informal grievance I had filed against him. I then went on and commented that because of my continuing animosity towards the warden for his booking me, I'd probably tell him to go and fuck himself again given the chance. I then went on to explain why I felt it best to go back to MAX.

Out of those set of facts this highly exaggerated claim of a threat of bodily harm was born.

## Arguements

In addition to its procedural require-

ments, the Due Process Clause contains a substantive component which prohibits convictions based on no evidence at all. Thompson v. City of Louisville, 362 U.S. 199 (1960). A prison disciplinary hearing which provides the acussed inmate with all the Wolf 418 U.S. 539, procedural requirements (notice, impartial tribunal, witnesses, written statement of findings) will still violate the constitution if there is no evidence to support the findings of guilt. Superintendant v. Hill, 472 U.S. 445 1985. Engel v. Wendl, 921 F.2d 148, 149 (8th. Cir. 1990) ("inmates due process rights violated where "no evidence existed to support the defendants disciplinary action"). California v. Green, 399 U.S. 149, 187 n20, 90 S.Ct. 1930, 26 L.Ed. 2d. 489 (1970) (Harlan. J. Concurring) ("due process does not permit a conviction based on no evidence"). Burnsworth v. Gunderson 179 F.3d. 771, 775 (9th. Cir 1999) due process rights are still violated even if no cognizable liberty interest are demonstrated when inmate is found guilty of misconduct and no evidence exists to support that conviction.

Ground One and Four: Inappropriate charge Sufficiency of Evidence

The booking infraction code #149 Threatening Employee with Bodily Harm, a highest Class #1 booking infraction, should never have been charged against me. Evidence in

the booking narrative statement," in part, "Warden Boyd can go fuck himself." He can shove his fist up his ass." does not support the charge of a threat of bodily Harm.

Generally, courts have accepted the disciplinary report, if it canteins specific facts, as meeting the burden of proof.

The hearing officer may not arbitrarily refuse to consider exculpatory evidence. Viens v. Daniels, 871 F.2d 1328, 1336 n. 2 (7th. Cir. 1989;) Smith v. Farley, 858 F.Supp. 806, 808-9 (N.D. Ind. 1993)

The hearing officer is required to issue a written explanation of its decision so that "a reviewing court (or agency) ... (can) determine whether the finding of guilt was ... sufficiently arbitrary so as to be a denial of inmate's due process rights. Chavis v. Rowe, 643 F. 2d 1281, 1287 (7th. Cir. 1981), cert. denide, 454 U.S. 907 (1981)

The Chavis court found the statement deficient because "it gave no clear indiction of why the reporting officer was to be

believed rather than Chavis or Officer Sipp.

The U.S. Supreme Court held that decisions of prison disciplinary committees receive highly derferential review since, "prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. Hill, 472 U.S. at 456.

Even with this deferential review, hearing officers must provide a reasoned basis for their decisions. Chavis, 643 F.2d at 1286-7.

There is not a modicum of evidence that petitioner is guilty of the infraction charged — threatening an employee with bodily harm. The alledged conduct simply does not support the charged infraction.

Conclusion

Petitioner respectfully moves this court to order the Director of the Dept. of Corrections of the A.C.I. to expunge mis conduct conviction from petitioners records and restore all

revoked good time credits of 36 days.

Date: May 6, 2008

Respectfully Submitted
David Almeida Pro-SE
David Almeida Pro-SE
P.O. Box 8274
Cranston, R.I. - 02920

## Verification

I, David Almeida, hereby declare under penalty of perjury that the facts stated in foregoing memorandum are true and correct.

Dated: 5-6-2008

By: David Almeida Prose
David Almeida Prose
P.O. Box 8274
Cranston, R.I.
02920